UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY NICOLE SHANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-02910-NCC |
| | ) | |
| FRIENDSHIP VILLAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Tammy Nicole Shanklin for leave to commence this civil action without payment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds it should be granted. Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Friendship Village.

**The Complaint**

Plaintiff is a pro se litigant who brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII). She names Friendship Village as defendant. (Docket No. 1 at 2). Plaintiff alleges that she was terminated from employment at Friendship Village on the basis of her race and color. (Docket No. 1 at 4-5).

Plaintiff states that she was hired by Friendship Village on September 26, 2014 as a certified medication technician. (Docket No. 1-4). On May 15, 2019, plaintiff was called into the office by the day shift supervisor. Plaintiff was told that she needed to "pep up [her] step," fix her hair, and "start wearing different hairstyles." (Docket No. 1 at 5). She was further advised

that no one wanted her to take care of their family members because of the way she looked. Plaintiff asserts that the comments made to her were racially motivated, as she is African-American. (Docket No. 1 at 5; Docket No. 1-4).

On June 3, 2019, plaintiff was terminated by Friendship Village. (Docket No. 1-4). Plaintiff states that a patient's family had complained about her making the patient eat dinner in the dining room, rather than the patient's own room. (Docket No. 1 at 6). She was advised that she was being fired "for poor customer service." However, plaintiff asserts that her actions did not constitute an offense for which she could be fired. She also claims that human resource's termination protocol was not followed. Plaintiff alleges that she "was retaliated against and discharged because of [her] race." (Docket No. 1-4). As a result, she is seeking $200,000 in damages. (Docket No. 1 at 7).

Plaintiff states that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 29, 2019. (Docket No. 1 at 3). The EEOC sent her a right to sue letter on August 6, 2019. Plaintiff filed the instant action on October 24, 2019.

**Discussion**

Plaintiff brings this civil action pursuant to Title VII, alleging that she was terminated from her employment at Friendship Village on the basis of her race. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608

(8th Cir. 2018). *See also Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (stating that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court"). A Title VII claimant is required to demonstrate good faith participation in the administrative process in order to exhaust his or her administrative remedies. *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).

A charge of discrimination must be filed with the EEOC "within one-hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Once a plaintiff receives notice of the right to sue, he or she must file a civil action within ninety days. 42 U.S.C. § 2000e-5(f)(1).

Here, plaintiff's Title VII action appears to be timely and exhausted. The alleged discriminatory action occurred on June 3, 2019. Plaintiff filed a charge of discrimination on July 29, 2019, fifty-six days later. Thus, plaintiff filed her charge of discrimination within the one-hundred and eighty days provided by statute.

The EEOC mailed plaintiff a right to sue letter on August 6, 2019, giving her ninety days in which to file a civil action. Plaintiff filed a complaint on October 24, 2019, seventy-nine days later. Thus, plaintiff filed the instant action within the ninety-day window provided by statute. As such, the Clerk of Court will be directed to issue process upon defendant Friendship Village.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721

F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on plaintiff's Title VII claim by serving defendant Friendship Village on its

4

designated agent, Jeffrey Klinger, 12563 Village Circle Drive, Attn: Office of the President, Sunset Hills, MO 63127.

Dated this 5th day of November, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE