UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMMY NICOLE SHANKLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-02910-NCC ) |
| FRIENDSHIP VILLAGE, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Tammy Nicole Shanklin's second Motion for Appointment of Counsel and Affidavit in Support (Doc. 16). The Court previously denied Plaintiff's request for appointed counsel, without prejudice (Doc. 5). As the Court detailed in its prior order, in civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, in its previous order, the Court found that the appointment of counsel was not warranted at the time. Plaintiff had demonstrated, at that point, that she could adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appeared to be unduly complex. Although this case has since moved to the discovery phase and Plaintiff will be required to appear in Court for the scheduling conference, there are no new facts. The Court continues to find Plaintiff capable of adequately presenting her employment discrimination claims to the Court. Therefore, the Court does not find appointment of counsel warranted at this time. However, as noted previously, the Court will entertain future motions for appointment of counsel as the case progresses and if circumstances warrant it.

Accordingly,

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Doc. 16) is **DENIED, without prejudice**.

Dated this 22nd day of January, 2020.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE